THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JUSTIN RICHARD JESSOP,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WEBER CNTY. CORR. FACILITY,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION<br>AND DISMISSAL ORDER**<br><br>Case No. 4:23-CV-21 DN<br><br>District Judge David Nuffer |

On March 15, 2023, paying the full filing fee up front, Plaintiff filed a *pro se* civil-rights complaint, *see* 42 U.S.C.S. § 1983 (2025). (ECF No. 1.) Though Plaintiff's claims involve jail conditions, it appears he was not a prisoner at the time of filing. (*Id.*)

On April 23, 2024, seeing the docket did not show that Plaintiff had executed service of the complaint upon Defendant Weber County Correctional Facility (WCCF) as required, *see* Fed R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."), the Court ordered him to within thirty days show cause why this action should not be dismissed. (ECF No. 6.)

Plaintiff responded that he had simply sent the Complaint to WCCF at 721 West 12th Street, Ogden, Utah 84401; "was unaware that [he] needed . . . further action" and "apologize[d]" that he did not "follow the proper protocol"; and "ask[ed] the Court for understanding and

leniency in this matter." (ECF No. 7.) Noting that Plaintiff had not indicated that he looked up the rules of civil procedure to educate himself on their requirements for service and time extensions, and another year had passed without Plaintiff properly serving Defendant, (*id.*), on May 28, 2025, the Court gave Plaintiff "a **FINAL** thirty days in which to **SHOW CAUSE** why this case should not be dismissed for failure to serve the complaint upon Defendant and otherwise prosecute this action," (ECF No. 9 (citing Fed. R. Civ. P. 4; DUCivR 41-2).)

But Plaintiff responded to the Final Order to Show Cause much the same way he responded to the original Order to Show Cause, asserting that he had "sent a copy of the complaint to[] Weber County Correctional Facility . . . and it was mailed the same day [he] sent [his] complaint to the Court." (ECF Nos. 9-10.) He concluded with the following statement: "If I misunderstood filing policy or did not serve them correctly, it is only because of my unfamiliarity with this process. I in no way intended for that to occur. I apologize to the courts. It is my hope that I didn't damage my case." (*Id.*) This mirrored his same excuses that the Court had just recently rejected, explaining that, even as a *pro se* party, he is required to follow the rules of civil procedure and local rules of practice, which includes Federal Rule of Civil Procedure 4, setting forth service criteria. (ECF No. 9.)

IT IS THEREFORE ORDERED that--based on his failure to serve the Complaint and otherwise properly prosecute this case--Plaintiff's action is DISMISSED without prejudice. *See* Fed. R. Civ. P. 4; DUCivR 41-2.

DATED this  7th  day of July, 2025.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court